## 55705. GILLIAM v. THE STATE.

SHULMAN, Judge.

This appeal follows appellant's conviction of selling a controlled substance.

The state based its case primarily on testimony of a witness, an alleged undercover agent, who testified that appellant sold him eight capsules (which were later determined to be barbiturates). In related enumerations of error, appellant seeks reversal based on the following arguments: (1) that the trial court erred in holding that the witness was a qualified police officer as defined in Code Ann. § 92A-2108; (2) that this wrongfully shifted the burden of disproving qualifications to appellant; (3) that the witness should not have been allowed to testify as a police officer, but rather should have been allowed only to testify as an accomplice; and (4) that the trial court therefore erred in refusing to direct a verdict of acquittal on the ground that required corroboration was lacking. We reject these arguments.

Appellant's conclusion does not follow from his premises. It makes no difference under the facts of this case whether the witness was a certified police officer under Code Ann. § 92A-2108. Even had the state failed to establish the witness' qualifications as a police officer, it does not follow that the witness was an accomplice whose testimony must be corroborated. See, e.g., *Gamble v. State,* 4 Ga. App. 845 (1) (62 SE 544).

In *Cauley v. State,* 130 Ga. App. 278 (2) (i) (203 SE2d

239) this court held that testimony of an aide to an undercover agent need not be corroborated where the aide "was acting voluntarily in cooperation with the police."

Here, there was more than ample evidence to establish that the witness was acting in cooperation with the police and that appellant had in fact sold narcotics to him. Because we conclude that the witness was properly permitted to testify, we need not decide what showing is necessary to establish that a witness is a police officer or what the failure to establish compliance with § 92A-2108 has on testimonial competence.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

Submitted April 11, 1978 — Decided July 3, 1978.

*Stanley R. Durden,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.